E-FILED
Monday, 08 January, 2018 09:54:58 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| EDDIE E. TAYLOR, )<br>)<br>    Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Respondent. ) | No. 16-2169 |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Petitioner Eddie E. Taylor's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1). Because Petitioner is not entitled to relief, the § 2255 Motion is DENIED.

### I. BACKGROUND

In April 2008, Petitioner pled guilty to possessing five or more grams of cocaine base ("crack") with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) pursuant to a plea agreement. See United States v. Taylor, United States District Court, Central District of Illinois, Urbana Division, Case No. 07-20108 (hereinafter,

Crim.). As part of the plea agreement, Petitioner waived his right to appeal and collaterally attack his conviction and sentence. Crim., Plea Agreement (d/e 11).

The Probation Office prepared a Presentence Investigation Report (PSR). Crim., PSR (d/e 16). The PSR reflected that Petitioner qualified as a career offender under United States Sentencing Guidelines § 4B1.1 based on a prior conviction for a controlled substance offense (Macon County Circuit Court, Case No. 05-CF-705) and a prior conviction for a crime of violence (aggravated battery, Macon County Circuit Court, Case No. 06-CF-1161). Id. ¶ 27; see also U.S.S.G. § 4B1.1 (2006) (providing that a defendant is a career offender if he is at least 18 years old when he committed the instant offense, the instant offense is a felony that is either a crime of violence or a controlled substance offense, and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense). It is unclear whether the Court found that the aggravated battery conviction qualified under the elements clause of the career offender guideline or the residual clause. Compare U.S.S.G. § 4B1.2(a)(1) (2006) (defining a crime of violence to include an offense that "has as an element the

use, attempted use, or threatened use of physical force against the person of another") with §4B1.2(a)(2) (defining a crime of violence to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another").

In light of the career offender designation, Petitioner's advisory sentencing guideline range was 262 to 327 months. Crim., PSR ¶ 66. The statutory minimum sentence was 10 years and the maximum term was life. Id. ¶ 65 (citing 21 U.S.C. § 841(b)(1)(B)). In February 2009, former United States District Judge Michael P. McCuskey sentenced Petitioner to 262 months' imprisonment. Crim., Judgment (d/e 18). In February 2013, Judge McCuskey reduced Petitioner's sentence to 168 months' imprisonment. Crim., Amended Judgment (d/e 26). Petitioner did not appeal his conviction or sentence.

In August 2015, Petitioner filed a Motion to Reduce Sentence pursuant to an amendment to the sentencing guidelines. Crim., Motion to Reduce Sentence (d/e 28). The Court denied the Motion when Petitioner failed to respond to the Court's order "to either concede that the Amendment does not apply because he was

sentenced as a career offender, or explain why it applied in spite of a sentence as a career offender." Crim., Nov. 24, 2015 Text Order.

In June 2016, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody based on Johnson v. United States, 135 S. Ct. 2551 (2015) (holding that the residual clause of the Armed Career Criminal Act is unconstitutionally vague). See d/e 1 (filed June 16, 2016). Petitioner argued that his Illinois aggravated battery conviction no longer qualified as a crime of violence for purposes of the career offender guideline. This Court appointed the Federal Public Defender's Office to represent Petitioner and stayed Petitioner's case pending the Seventh Circuit's resolution of the effect of Johnson on the identically worded residual clause in the career offender guideline. See June 21, 2016 Text Order.

In August 2016, the Seventh Circuit held that Johnson applied to the guidelines. United States v. Hurlburt, 835 F.3d 715, 725 (7th Cir. 2016) (applying Johnson and holding that the residual clause in § 4B1.2(a)(2) was unconstitutionally vague). But, on March 6, 2017, the United States Supreme Court decided Beckles v. United States, holding that the "advisory Guidelines are not subject

to vagueness challenges under the Due Process Clause" and that the residual clause in § 4B1.2(a)(2) is not void for vagueness. 137 S. Ct. 886, 890 (2017) (also abrogating Hurlburt).

On December 1, 2017, the Court lifted the stay and informed the parties that the Court intends to rule on the § 2255 Motion "unless the parties advise the Court, in writing, on or before December 11, 2017 that they wish to submit briefing in the case." See Dec. 1, 2017 Text Order. The parties did not request briefing in the case, and the Court will now rule on the § 2255 Motion.

## II. ANALYSIS

A person convicted of a federal crime may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Relief under § 2255 is an extraordinary remedy because a § 2255 petitioner has already had "an opportunity for full process." Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007).

Here, Petitioner's Johnson claim is foreclosed by the decision in Beckles. Petitioner challenges his designation as a career offender based on his prior conviction of aggravated battery to the extent that it qualified as a crime of violence under the Guidelines' residual clause. In light of Beckles, the "advisory Guidelines are

not subject to vagueness challenges under the Due Process Clause" and the residual clause in § 4B1.2(a)(2) is not void for vagueness. 137 S. Ct. 886, 890 (2017). Accordingly, Petitioner's <u>Johnson</u> claim must be denied.

### III. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). A certificate of appealability may issue only if Petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Here, Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, the Court denies a certificate of appealability.

### IV. CONCLUSION

For the reasons stated, Petitioner Eddie Taylor's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) is DENIED. The Court denies a certificate of appealability. This case is CLOSED.

ENTER: January 4, 2018

FOR THE COURT:

        _**s/ Sue E. Myerscough**_
        **SUE E. MYERSCOUGH**
        **UNITED STATES DISTRICT JUDGE**